**LAWRENCE C. HERSH**
Attorney at Law
17 Sylvan Street, Suite 102B
Rutherford, NJ  07070
(201) 507-6300
*Attorney for Plaintiff, and all others similarly situated*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

—————————————————————X
                                                              :
SALVATORE CARFAGNA, on behalf of himself   :
and all others similarly situated,                         :
                                                              :
                              Plaintiff,               :   Civil Action No.
                                                              :
vs.                                                           :   **CLASS ACTION COMPLAINT AND**
                                                              :   **JURY TRIAL DEMAND**
FRANKLIN CREDIT MANAGEMENT              :
CORPORATION,                                            :
                                                              :
                              Defendant.              :
                                                              :
————————————————————— X


        Plaintiff SALVATORE CARFAGNA (hereinafter "Plaintiff"), on behalf of

himself and all others similarly situated, by and through his undersigned attorney, alleges

against the above-named Defendant FRANKLIN CREDIT MANAGEMENT

CORPORATION, (hereinafter "Defendant"), its employees, agents, and successors, the

following:

## PRELIMINARY STATEMENT

        1.        Plaintiff brings this action for actual and statutory damages and

declaratory and injunctive relief arising from the Defendant's violation of 15 U.S.C. §

1692 *et seq.*, the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331. This is an action for violations of 15 U.S.C. § 1692 *et seq*.

3.      Venue is proper in this district under 28 U.S.C. §1391(b) because jurisdiction is not founded solely on diversity of citizenship and Plaintiff resides in this jurisdiction.

## DEFINITIONS

4.      As used in reference to the FDCPA, the terms "creditor," "consumer," "debt," and "debt collector" are defined in § 803 of the FDCPA and 15 U.S.C. § 1692a.

## JURY DEMAND

5.      Plaintiff demands a jury trial on all issues.

## PARTIES

6.      The FDCPA, 15 U.S.C. § 1692 *et seq.*, which prohibits certain debt collection practices provides for the initiation of court proceedings to enjoin violations of the FDCPA and to secure such equitable relief as may be appropriate in each case.

7.      Plaintiff is a natural person and resident of Hudson County, in the State of New Jersey, and is a "Consumer" as defined by 15 U.S.C. § 1692a(3).

8.      Based upon information and belief defendant FRANKLIN CREDIT

2

MANAGEMENT CORPORATION is a New Jersey Corporation with a principle place of business located in Jersey City, New Jersey.

9.      Based upon information and belief, Defendant is a debt collector or debt collection law firm that uses the mail, telephone, and facsimile and regularly engages in business, the principal purpose of which is to attempt to collect debts alleged to be due another.

10.     Defendant is a "Debt Collector" as that term is defined by 15 U.S.C. §1692(a)(6).

## CLASS ACTION ALLEGATIONS

11.     Plaintiff brings this action as a state wide class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure (hereinafter "FRCP"), on behalf of himself and all New Jersey consumers and their successors in interest (the "Class"), who have received written communications and/or been subject to court filings from the Defendant which are in violation of the FDCPA, as described in this Complaint.

12.     This Action is properly maintained as a class action.

•   All New Jersey consumers who were sent letters and/or notices from Defendant in a form substantially similar to attached Exhibit A and which included the alleged conduct and practices described herein

• The Class period begins from February 13, 2020 to the filing of this Action.

13.     The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

•   Upon information and belief, the Class is so numerous that joinder of

all members is impracticable because there are hundreds and/or thousands of persons who have received debt collection letters and/or been subject to court filings from the Defendant that violate specific provisions of the FDCPA. Plaintiff is complaining of a standard court filing and/or written communications (*See* **Exhibit A** except that the undersigned attorney has, in accordance with Fed. R. Civ. P. 5.2 partially redacted the financial account numbers in an effort to protect Plaintiff's privacy);

- There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member.  These common questions of law and fact include, without limitation:

    a.  Whether Defendant violated various provisions of the FDCPA;

    b.  Whether Plaintiff and the Class have been injured by the Defendant's conduct;

    c.  Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendant's wrongdoing, and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

    d.  Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

4

- Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories;

- Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class;

- Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class;

- A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted.  Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action;

- A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender. Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.  Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as monetary damages.  If the Defendant's conduct is allowed to proceed without remedy it will continue to reap and retain the proceeds of its ill-gotten gains;

- Defendant has acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## **STATEMENT OF FACTS**

14.     Plaintiff is at all times relevant to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

15.     Defendant collects and attempt to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Service, telephone and/or the Internet.

16.     Defendant is a "debt collector" as defined by 15 U.S.C. §1692a(6).

17.     Sometime prior to February 13, 2020, Plaintiff allegedly incurred a financial obligation by way of a Loan Modification Agreement to GMAC Mortgage, LLC ("GMAC") related to a mortgage provided to Plaintiff ("the GMAC obligation").

18.     The GMAC obligation arose out of a transaction in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

19.     The alleged GMAC obligation is a "debt" as defined by 15 U.S.C. § 1692a(5).

20.     GMAC is a "creditor" as defined by 15 U.S.C. § 1692a(4).

21.     Sometime prior February 13, 2020, GMAC either directly or through intermediate transactions assigned, placed or transferred the GMAC obligation to Wilmington Savings Fund Society, FSB, not in its individual capacity but solely as Certificate Trustee of Bosco Credit II Trust Services 2010-1 ("Wilmington Obligation")

as the current holder of the GMAC Loan Modification Agreement.

22.    Also prior to February 13, 2020, Wilmington directly or through intermediate transactions assigned, placed or transferred the Wilmington Obligation to Defendant for collection.

23.    At the time the Wilmington Obligation was assigned, placed or transferred to Defendant, the Wilmington Obligation was in default.

24.    On or about February, 13, 2020, Defendant caused to be delivered to Plaintiff a collection letter dated February 13, 2020 seeking to recover $41,437.91 regarding the Wilmington Obligation. A copy of the February 13, 2020 Collection Letter is attached as Exhibit A ("the Collection Letter").

25.    The Collection Letter was Defendant's initial written communication to Plaintiff.

26.    As Defendant's initial written communication to Plaintiff, the Collection Letter was required to contain a notification of Plaintiff's verification rights within the meaning of 15 U.S.C. §1692g(a).

27.    Under subsection (1) of 15 U.S.C. §1692g(a), the Collection Letter was required to contain the amount of the debt.

28.    However, the Collection Letter indicated an "Amount past due" of $41,437.91, but failed to indicate what the current balance is.

29.    Under subsection (2) of 15 U.S.C. §1692g(a), the Collection Letter was required to identify the name of the creditor to whom the debt is due.

30.    However, the Collection Letter identified the owner as Wilmington Savings Fund Society, FSB, not in its individual capacity but solely as Certificate Trustee

7

of Bosco Credit II Trust Services 2010-1.

31.    However, based upon this identification in the Collection Letter, the least sophisticated consumer would be unable to discern who is the creditor to whom the debt is due.

32.    Additionally, the Collection Letter provides:

The loan is due for May 2009 and subsequent payments, plus late charges, fees and costs.  As of today, the total amount past due is $41,437.91.

33.    Based the foregoing statement it is  unclear what the meaning of, "The loan is due for May 2009".

34.    Additionally, the Collection Letter is confusing, deceptive and false as to "subsequent payments, plus late charges, fees and costs."

35.    If "subsequent payments" were paid by Plaintiff, this should reduce the amount of the balance, and not increase it as Defendant suggests in the Collection Letter.

36.    Also, while the Collection Letter identifies the Amount past due as $41,437.91, the Collection Letter fails to identify, what amounts are subsequent payments, what amounts are late charges, what amounts are fees and what amounts are costs.  Thus, the Collection Letter failed to properly itemize these amounts.

37.    Also, based upon the language of the Collection Letter it is unclear whether or not interest, past charges, fees and/or costs are continuing to accrue on the debt.

38.    Additionally, at the time that Defendant sent the February 13, 2020 collection letter, Defendant was not entitled to collect $41,437.91, which amount was in excess of any amount that Plaintiff owed.

39.     Included on the second and third pages of the Collection Letter is a list of state names, including Utah, Massachusetts, Colorado, New York and others.

40.     Nowhere does the Collection Letter indicate that the rights listed under each state name were limited to residents of that particular state.

41.     The least sophisticated consumer may believe that he or she may not be entitled to the benefit of the provisions listed under each state name, because he or she does reside in that state, when in fact some of the state specific protections afford the same rights under the FDCPA.

42.     Alternatively, the least sophisticated consumer may think that he or she is entitled to the all of the additional state specific rights since nothing in the letter indicates that these rights are limited only to residents of these states.  See, Ensminger v. Fair Collections & Outsourcing, Inc., 2016 U.S. Dist. LEXIS 163007 (D.Kan, Nov. 23, 2016).

43.     Furthermore, the third-page of the Collection Letter contains the following language:

> If a creditor or debt collector receives a money judgment against you in court, state and federal laws may prevent the following types of income from being taken to pay the debt:
> 1) Supplemental security income (SSI); 2) Social security; (3) Public assistance (welfare); (4) Spousal support, maintenance (alimony) or child support; (5) Unemployment benefits; (6) Disability benefits; (7) Workers' compensation benefits; (8) Public or private pensions (9) Veterans benefits; (10) Federal student loans, federal student grants, and federal work study funds; and (11) Ninety percent of your wages or salary earned in the last sixty days.

("Judgment Exemption Language")

44.     The Judgment Exemption Language contained in the collection letter is based upon the law in the state of New York and not New Jersey.

9

45.     However, based upon the placement of the Judgment Exemption Language at the end of the letter and after what appears to be language applicable to all consumers, it appears that the Judgment Exemption Language is not under the New York State heading.

46.     The Judgment Exemption Language is not totally true in New Jersey since, for example, private disability benefits may be taken to pay a debt.

47.     Similarly, New Jersey law does not provide for an exemption of ninety percent of wages or salary earned in the last sixty days.

48.     Thus, the inclusion of the Judgment Exemption Language is false, deceptive and/or misleading since it may lead the least sophisticated consumer to believe that certain types of income may be exempt from garnishment when in fact they are not.

49.     Plaintiff suffered injury in fact by being subjected to the unfair and abusive practices of Defendant.

50.     Plaintiff suffered actual harm by being the target of Defendant's misleading debt collection communications.

51.     Defendant violated Plaintiff's rights not to be the target of misleading debt collection communications.

52.     Defendant violated Plaintiff's right to a trustful and fair debt collection process.

53.     Under the FDCPA, Plaintiff had the right to receive certain information from Defendant regarding the amount of the debt that she owed.

54.     Defendant's communications were designed to cause Plaintiff to suffer a harmful disadvantage in charting a course of action in response to Defendant's collection

efforts.

55.    Defendant's communications were designed to cause Plaintiff to suffer a harmful disadvantage in charting a course of action in response to Defendant's collection efforts.

56.    The FDCPA ensures that consumers are fully and truthfully apprised of the facts and of their rights, the act enables them to understand, make informed decisions about, and participate fully and meaningfully in the debt collection process. The purpose of the FDCPA is to provide information that helps consumers to choose intelligently. The Defendant's false representations misled the Plaintiff in a manner that deprived Plaintiff of his or her right to enjoy these benefits.

57.    As a result of Defendant's conduct, Plaintiff suffered an actual, concrete injury as a result of Defendant's failure to provide Plaintiff information required under the FDCPA.

58.    The failure of Defendant to provide correct information impeded Plaintiff's ability to make a well-reasoned decision.

59.    Defendant's failure to provide accurate information injured Plaintiff in that it impacted her ability to decide on how to proceed with respect to the matter.

60.    The deceptive communication additionally violated the FDCPA since it frustrated Plaintiff's ability to intelligently choose a response.

## POLICIES AND PRACTICES COMPLAINED OF

61.    It is Defendant's policy and practice to send written collection communications in the form annexed hereto as which violate the FDCPA, by *inter alia*:

(a)    Using false, deceptive or misleading representations or means in connection with the collection of a debt;

(b)    By making false representations of the character or legal status of a debt; and

(c)    Using unfair or unconscionable means to collect or attempt to collect any debt.

62.    On information and belief, Defendant sent collection letters which contained the conduct alleged herein which violated the FDPCA to at least 30 natural persons in the State of New Jersey.

## COUNT I

### FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692 VIOLATIONS
### (class claims)

63.    Plaintiff repeats the allegations contained in paragraphs 1 through 62 as if the same were set forth at length.

64.    Defendant violated 15 U.S.C. §1692 et seq. of the FDCPA in connection with its collection attempts against Plaintiff and others similarly situated.

65.    As a result of the foregoing conduct, Defendant violated:

A.  15 U.S.C. §1692e, by using a false, deceptive or misleading representation or means in connection with the collection of any debt;

B.   15 U.S.C. §1692e(2)(A), by falsely representing the character, amount, or legal status of any debt;

C.  15 U.S.C. §1692e(2)(B), by falsely representing any services rendered or compensation which may lawfully be received by a debt collector for the collection of a debt;

12

D.  15 U.S.C. § 1692e(5) by threatening to take any action that cannot legally be taken or this is not intended to be taken;

E.  15 U.S.C. § 1692e(10) by using a false representation or deceptive means to collect or attempt to collect a debt from Plaintiff;

F.  15 U.S.C. §1692f by using unfair or unconscionable means to collect or attempt to collect any debt; and,

G.  15 U.S.C. §1692f(1), by collecting or attempting to collect any amount not expressly authorized by the agreement creating the debt or permitted by law.

H.  15 U.S.C. §1692g by failing to provide Plaintiff with his statutory verification rights, and;

I.  15 U.S.C. §1692g(a)(2) by failing to identify the creditor to whom the debt is owed.

## COUNT II

### FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692 VIOLATIONS
### (individual claim)

66.     Plaintiff repeats the allegations contained in paragraphs 1 through 65 as if the same were set forth at length.

67.     On or about February 25, 2020, Defendant, by way of its employees and/or agents, left a Collection notice at Plaintiff's apartment complex by placing a collection letter in an unsealed envelope and taping the envelope to the front of Defendant's apartment complex. Attached as Exhibit B. is a copy of the notice and envelope that was left at Defendant's apartment complex.

13

68.    On or about March 1, 2020, Defendant, by way of its employees and/or agents, left a confidential packet of documents regarding the collection of an unsecured loan in the lobby of Plaintiff's complex on a table.  The packet of information was not included in an envelope and was not addressed to Plaintiff.  Attached as Exhibit C is a copy of the packet of documents left  in the lobby of Plaintiff's apartment building.

69.    Page 6 of the March 1, 2020 packet of documents indicates clearly in big, bold print, "This document is not to be left as the assignment address under any circumstance."

70.    Based upon information and belief, the documents that Defendant caused to be left at Plaintiff residence were seen by third-persons.

71.    As a result of the foregoing conduct, Defendant violated:

A.  15 U.S.C. §1692b, by communicating to a third-person that Defendant is collecting a debt;

B.  15 U.S.C. §1692c(b), by communicating with third-parties without obtaining prior consent;

C.  15 U.S.C. §1692e, by using a false, deceptive or misleading representation or means in connection with the collection of any debt;

D.  15 U.S.C. § 1692e(10) by using a false representation or deceptive means to collect or attempt to collect a debt from Plaintiff;

E.  15 U.S.C. §1692f by using unfair or unconscionable means to collect or attempt to collect any debt; and,

**WHEREFORE**, Plaintiff, on behalf of himself and others similarly situated, demands judgment against Defendant as follows:

(a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and attorney Lawrence Hersh, Esq., as Class Counsel;

(b) Awarding Plaintiff and the Class maximum statutory damages;

(c) Awarding Plaintiff actual damages.

(b) Awarding pre-judgment interest;

(c) Awarding post-judgment interest;

(d) Awarding reasonable attorneys' fees, costs and expenses; and

(e) Awarding Plaintiff and the Class such other and further relief as the Court may deem just and proper.

Dated:   Rutherford, New Jersey
     February 15, 2021

Respectfully submitted,


By: s/ Lawrence C. Hersh
    Lawrence C. Hersh, Esq.
    17 Sylvan Street, Suite 102B
    Rutherford, NJ  07070
    (201) 507-6300
    *Attorney for Plaintiff*


## CERTIFICATION PURSUANT TO LOCAL RULE 11.2

I, Lawrence C. Hersh, the undersigned attorney of record for Plaintiff, do hereby certify to my own knowledge and based upon information available to me at my office,

the matter in controversy is not the subject of any other action now pending in any court

or in any arbitration or administrative proceeding.


Dated: February 15, 2021                    By: s/ Lawrence C. Hersh
                                                 Lawrence C. Hersh, Esq

EXHIBIT A



# FRANKLIN CREDIT
MANAGEMENT CORPORATION®

101 Hudson Street, 25th Floor, Jersey City, NJ 07302
T 800-650-7162 • F 201-839-4565 • www.FranklinCredit.com

February 13, 2020                                                                              Loan Number: ▉▉4114

Salvatore Carfagna

▉▉▉▉▉▉▉

Re:    **Borrower(s): Salvatore Carfagna**
       **Prop. Address: 14224 Crystal Key Place Orlando, FL 32824**
       **FCMC Loan #: ▉▉4114**
       **Amount past due: $41,437.91**

Dear Salvatore Carfagna:

Enclosed please find a copy of a Loan Modification Agreement you signed with GMAC Mortgage, LLC on or about February 20, 2009 with respect to the Note you originally signed on May 1, 2006 with Home Loan Corporation of Texas DBA Expanded Mortgage Credit in regards to the property located at 14224 Crystal Key Place Orlando, FL 32824. Wilmington Savings Fund Society, FSB, not in its individual capacity but solely as Certificate Trustee of Bosco Credit II Trust Series 2010-1 ("Wilmington") is the current holder of the aforementioned Loan Modification Agreement. Franklin Credit Management Corporation ("FCMC") is the present servicer for Wilmington.

The loan is due for May 2009 and subsequent payments, plus late charges, fees and costs. As of today, the total amount past due is $41,437.91.

FCMC recognizes that circumstances can sometimes make meeting one's financial obligations difficult. Please contact FCMC immediately so we can better understand your financial situation. There may be settlement options available for you.

If you would like to discuss the possibility of an amicable resolution to this matter, please contact Katie Linder at FCMC toll free at (888) 811-4484. We look forward to hearing from you.

Sincerely,

*Emma Grimshaw*

Emma Grimshaw
Judgment Supervisor

**FRANKLIN CREDIT MANAGEMENT CORPORATION IS A DEBT COLLECTOR AND THIS IS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

**Unless you notify this office within thirty (30) days after receiving this notice that you dispute the validity of the debt, or any portion thereof, we will assume the debt to be valid.**
**If you notify this office in writing within thirty (30) days after receiving this notice that this debt, or any portion thereof, is disputed, this office will obtain verification of the debt or a copy of a judgment, if any, and a copy of such verification of the debt or a copy of the judgment, if any, will be mailed to you.**
**If you notify this office in writing within thirty (30) days from receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.**

*Leyes federales requieren que les informemos que éste es un intento para colectar una deuda, cualquier información obtenida se utilizará para ese propósito.*

<u>Additional Disclosures</u>:

**California:**
As required by law, you are hereby notified that a negative credit report reflecting on your credit records may be submitted to a credit reporting agency if you fail to fulfill the terms of your credit obligations. The state Rosenthal Fair Debt Collection Practices Act and the federal Fair Debt Collection Practices Act require that, except under unusual circumstances, collectors may not contact you before 8

use false or misleading statements or call you at work if they know or have reason to know that you may not receive personal calls at work. For the most part, collectors may not tell another person, other than you attorney or spouse, about your debt. Collectors may contact another person to confirm your location or enforce a judgment. For more information about debt collection activities, you may contact the Federal Trade Commission at 1-877-FTC-HELP or www.ftc.gov.

**Colorado:**
FOR INFORMATION ON THE COLORADO FAIR DEBT COLLECTION PRACTICES ACT, SEE www.coag.gov/car.
A consumer has the right to request in writing that a debt collector or collection agency cease further communication with the consumer. A written request to cease communications will not prohibit the debt collector or collection agency from taking any other action authorized by law to collection the debt.
Franklin Credit Management Corporation
101 Hudson Street, 25th Floor
Jersey City, New Jersey 07302
(888) 811-4484

For Colorado Residence:
Franklin Credit Management Corporation
c/o Peter Lucas
Appel & Lucas, P.C.
1660 17th Street, Suite 200, Denver, CO 80202
(303) 297-9800

## Massachusetts:

### *NOTICE OF IMPORTANT RIGHTS*

**YOU HAVE THE RIGHT TO MAKE A WRITTEN OR ORAL REQUEST THAT TELEPHONE CALLS REGARDING YOUR DEBT NOT BE MADE TO YOU AT YOUR PLACE OF EMPLOYMENT. ANY SUCH ORAL REQUEST WILL BE VALID FOR ONLY TEN DAYS UNLESS YOU PROVIDE WRITTEN CONFIRMATION OF THE REQUEST POSTMARKED OR DELIVERED WITHIN SEVEN DAYS OF SUCH REQUEST. YOU MAY TERMINATE THIS REQUEST BY WRITING TO THE DEBT COLLECTOR.**

**Minnesota:**
This collection agency is licensed by the Minnesota Department of Commerce.

**North Carolina:**
COMPLAINTS REGARDING THE SERVICING OF YOUR MORTGAGE SHOULD BE SENT TO:
THE NORTH CAROLINA COMMISSIONER OF BANKS
4309 Mail Service Center
Raleigh, North Carolina 27699-4309

NC Collection Agency Permit # 102122

A TOLL-FREE CONSUMER HOTLINE IS AVAILABLE AT (888)384-3811. You may also visit online at www.nccob.gov.
Franklin Credit Management Corporation
101 Hudson Street, 25th Floor
Jersey City, New Jersey 07302
(888)811-4484

**Texas:**
COMPLAINTS REGARDING THE SERVICING OF YOUR MORTGAGE SHOULD BE SENT TO:
The Department of Savings and Mortgage Lending
2601 North Lamar, Suite 201
Austin, Texas 78705

A TOLL-FREE CONSUMER HOTLINE IS AVAILABLE AT 877-276-5500

Franklin Credit Management Corporation
101 Hudson Street, 25th Floor
Jersey City, New Jersey 07302

**Utah:**
As required by Utah law, you are hereby notified that a negative credit report reflecting on your credit records may be submitted to a credit reporting agency if you fail to fulfill the terms of your credit obligations.
**Statute of Limitations Disclosures:**

**New Mexico:**
We are required by New Mexico Attorney General Rule to notify you of the following information. This information is not legal advice:

This debt may be too old for you to be sued on it in court. If it is too old, you can't be required to pay it through a lawsuit.

You can renew the debt and start the time for the filing of a lawsuit against you to collect the debt if you do any of the following: make any payment of the debt; sign a paper in which you admit that you owe the debt or in which you make a new promise to pay; sign a paper in which you give up ("waive") your right to stop the debt collector from suing you in court to collect the debt.

**New York State:**
You may file a complaint about your servicer with the New York State Department of Financial Services or obtain further information from the Department by calling the Department's Consumer Assistance Unit at 1-800-342-3736 or by visiting the Department's website at www.dfs.ny.gov.

Please direct all complaints and inquiries to:
Franklin Credit Management Corporation
Attn: Dispute Resolution Unit
101 Hudson Street, 25th Floor
Jersey City, New Jersey 07302

Or, you may call in at (888) 327-9900.

Additional information and assistance, including a list of approved, not-for-profit housing counselors, may be found at the Department of Financial Services website (www.dfs.ny.gov) or at the Division of Housing and Community Renewal website (www.nysdhcr.gov).

Housing Counselor Information: If you would like counseling or assistance, you can contact the following: U.S. Department of Housing and Urban Development (HUD): For a list of homeownership counselors or counseling organizations in your area, go to http://www.hud.gov/offices/hsg/sfh/hcc/hcs.cfm or call 800-569-4287.

Debt collectors, in accordance with the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., are prohibited from engaging in abusive, deceptive, and unfair debt collection efforts, including but not limited to:

      (i) the use or threat of violence;
      (ii) the use of obscene or profane language; and
      (iii) repeated phone calls made with the intent to annoy, abuse, or harass.

If a creditor or debt collector receives a money judgment against you in court, state and federal laws may prevent the following types of income from being taken to pay the debt:

      1. Supplemental security income, (SSI);
      2. Social security;
      3. Public assistance (welfare);
      4. Spousal support, maintenance (alimony) or child support;
      5. Unemployment benefits;
      6. Disability benefits;
      7. Workers' compensation benefits;
      8. Public or private pensions;
      9. Veterans' benefits;
      10. Federal student loans, federal student grants, and federal work study funds; and
      11. Ninety percent of your wages or salary earned in the last sixty days.

# [Office Hours Disclosure]

**101 Hudson Street ☐ Jersey City, NJ 07302 ☐ T 800-650-7162 ☐ www.FranklinCredit.com**

Tue. & Thur. 8:00AM to 5 PM, ET ☐ Mon. & Wed. 8:00AM to 8 PM, ET ☐ Fri. 8:00AM to 5:00PM, ET

EXHIBIT B

# *PLEASE CONTACT*

Franklin Credit
At:
(888) 811-4484

## **Hours of Operation**

Monday thru Thursday 8:30AM - 10:00PM EST

Friday: 8:30AM – 9:00PM EST

Saturday 11:00AM - 3:00PM EST

This is an attempt to collect a debt by a debt collector. Any information obtained will be used for that purpose.

SAVATORE CARFAGNA

PERSONAL / CONFIDENTIAL

EXHIBIT C



FEB 26 2020    FEB 27 2020

Frederick Katz Jr 02/24/2020 09:00 AM    4705 4708 104, 4660    4669   104



# ASSIGNMENT DOCUMENTS

## Field Visit - Sand Castle Form

Loan Type: UNSECURED LOAN

Property Classification: Our research has indicated that this address is likely a residential property.

Times: Required visit times are as follows:
Weekday Residential: See Instructions to See Instructions
Weekend Residential: See Instructions to See Instructions
Business: 8:30am to 5:00pm

**Special Instructions:**

| |
|---|
| Please make up to 3 attempts to contact the customer(s) or spouse on non consecutive days. All attempts MUST be made between these days and times: |
| |
| Monday – Thursday 6:00pm – 8:30pm |
| Friday 6:00pm – 9:00pm |

**Photo Requirements:**

| (Count) Photo Type |
|---|
| (1) Address Verification - Posted Address |
| (1) For Sale Sign |
| (1) Other Vehicles On Site |
| (0) Service Address Other View |

Please ensure that you can accommodate the chase times, the photo requirements, and any special client instructions that are included with this order. After your review, please use the buttons below to "Accept" or "Decline" this assignment. If you can not follow client specified instructions you must decline this order.

Accept          Decline

165 Bishops Way
Brookfield, WI 53005

SCFS

www.sandcastlefs.com
Site Map

Privacy Policy

ACCREDITED
BUSINESS

© 2020 Sand Castle Field Services. All rights reserved.

# Sand Castle

**FIELD SERVICES**
*Your National Field Service Provider*

## *Field Visit Assignment Instructions*

Page 1 of 3
**Monday, February 24, 2020**

| | |
|---|---|
| **To:**    Frederick Katz Jr F. J. Katz | **From:**  Sand Castle Field Services  (262) 754 - 6006 |
| **Email: katzjr@optonline.net** | **Fax:**    (973) 527-7377 |

**All results and photos must be submitted via the Sand Castle Field Services website:**
**www.sandcastlefs.com**

## Field Visit Guidelines:

- On all work assignments, you must follow **FDCPA Guidelines** including contact attempts from **8:00 AM to 9:00 PM local time only.**
- Protect all client, and client's customer(s) information in all field activities.
- **Attorney Office:**  If attorney office, DO NOT attempt contact and DO NOT leave letter UNLESS stated otherwise in Special Instructions.
- DO NOT ACCEPT PAYMENTS FROM CLIENT'S CUSTOMER(S) or make any payment arrangements with the client's customer(s).
- All client letters and other correspondances must be placed in a SEALED ENVELOPE, labeled ONLY with the name(s) of the client's customer(s) and "PERSONAL and CONFIDENTIAL".
- Please ensure that you are aware of all applicable laws and ordinances for each municipality in which you conduct field work.  If a law or ordinance prohibits you from completing the Field Visit as instructed, you are to provide a copy of the ordinance or statute to Sand Castle.

## Order Instructions:

| | | | |
|---|---|---|---|
| Leave SEALED Letter: | Last Attempt | Agent to Contact Client: | If customer does not |
| Leave SEALED Letter if Vacant: | Yes | Customer to Contact Client: | Only if Customer is Willing |
| Leave Letter at Gate/Common Area: | No | Can Visit Businesses: | Yes |
| Chase Time: | See Instructions | Can Visit Mail Stores: | Yes |
| Attempt Neighbor Contact: | Yes | Ask for Customer Contact Info: | Yes |

## Special Instructions:

 Please make up to 3 attempts to contact the customer(s) or spouse on non consecutive days.  All attempts MUST be made between these days and times:

**Monday – Thursday 6:00pm – 8:30pm**
**Friday 6:00pm – 9:00pm**
**Saturday 11am – 3:00pm**

Please state this visit is being made on behalf of Franklin Credit. The customer should call Franklin Credit at the time of visit or during normal business hours at 888-811-4484. Attempt to obtain a current cell phone number for the customer(s). If customer contact is not achieved, on the 3rd visit only please post the correspondence in a sealed envelope marked personal and confidential to the door or leave with a 3rd party at the residence. Contact neighbors to confirm customer occupancy, attempt to identify the neighbors by name & address. Identify visible property defects and vehicles including plate numbers in driveway.

## Chase Times:

*Note: A unique visit time requirement for this assignment can be found in the SPECIAL INSTRUCTIONS (above).  If you are unable to comply, please do not complete the assignment and contact Sand Castle immediately.*

## Due Date:

**Please Rush**

| | |
|---|---|
| Provide updates after completing each visit by the due dates to the right. These dates are due dates and not the dates that each visit is to be made on--please refer to the Special Instructions below for details on chase time requirements. | **Primary Update Due:**    Wednesday, February 26, 2020 |
| | **Secondary Update Due:**   Friday, February 28, 2020 |
| | **Final Results Due:**    Sunday, March 01, 2020 |

## Collateral/Loan Description:

Unsecured Loan

### There is NO COLLATERAL for this order.

1576 - 400 - 662 - 20200224072507

2717344



*Field Visit Assignment Instructions*

Page 2 of 3
**Monday, February 24, 2020**

## Order Information

| | | | |
|---|---|---|---|
| **Order ID:** | 2717344 | **Account #:** | 1000004114 |

**Job pays:** $30 if one visit is made, $60 if two visits are made, $90 if three visits are made

**Customer Name(s):**

Salvatore Carfagna

**Chase Address:**

███████████████

**Client:** Franklin Credit Management Corp

FranklinCredit Rep

Phone:    (888) 811-4484

Agent Call Back Number (if available):

**Address Classification:**

*Our research has indicated that this address is likely a residential property. Please research the address prior to visiting to verify that this is a residential address.*

## Photo Requirements:

**Photos Required:**    *Applicable photos listed below must be submitted with completed results.*

| Photo Requirement | Photo Minimum |
|---|---|
| Service Address Front View - 1st Visit | 2 |
| Address Verification - Posted Address | 1 |
| Envelope Containing Letter - Before Attempting Contact with Property in Background | 1 |
| Envelope Posted to Door | 1 |
| For Sale Sign | 1 |
| Other Vehicles On Site | 1 |
| Printed Letter | 1 |
| Service Address Front View - 2nd Visit | 1 |
| Service Address Front View - 3rd Visit | 1 |

## Photo Tips and Tricks:

* Unless instructed otherwise, it is best to take all photos prior to attempting contact.
* Ensure that your photo taking device (camera, smartphone, etc.) is set to the proper date and time.
* Insufficient lighting can make photo taking difficult - It is a good idea to equip yourself with artificial lighting.
* If damage to the collateral (vehicle, home, or other) is observed, provide additional photos to show the damage.
* In an ADDRESS VERIFICATION photo, the address must be the focal point of the photo and must be legible.
* For a SERVICE ADDRESS FRONT VIEW photo, we are looking for a photo showing the entire front view of the building located at the chase address.
* While it is OK to take photos from inside of your vehicle, please be sure to roll your window down and ensure that none of your vehicle is visible in the photos.
* Do not disrupt anything to take photos (for example, it is not OK to take a cover off a motorcycle), and do not ever enter into a structure (garage, shed) to view or photograph potential collateral without permission.

# IMPORTANT

Photos submitted to Sand Castle that are taken from an internet source and not from a Field Agent while out in the field are considered FRAUDULENT and may result in the immediate termination of the relationship between the Field Agent and Sand Castle Field Services.

* For complete information on Sand Castle's photo requirements, please refer to our Photo Requirements document.

# Sand Castle ℠
## FIELD SERVICES
*Your National Field Service Provider*

**Field Visit Assignment Instructions**

## Multi Visit Detail:

Unless instructed otherwise in the special instructions, DO NOT make more than one visit on the same calendar day.

Unless instructed otherwise on the first page of this form, DO NOT make additional attempts in ANY of these scenarios:

* Contact is made with a customer
* Contact is made with a customer's spouse
* The property is
  - Vacant
  - Gated
  - Within a gated community
  - A mailbox rental store

* A No Trespassing sign is posted on the property
* A customer alleges bankruptcy
* Contact with all customers not possible due to
  - Not residing at the property
  - Extended hospitalization
  - Death
  - Military deployment

# *PLEASE CONTACT*

Franklin Credit
At:
(888) 811-4484

## **Hours of Operation**

Monday thru Thursday 8:30AM - 10:00PM EST

Friday: 8:30AM – 9:00PM EST

Saturday 11:00AM - 3:00PM EST

This is an attempt to collect a debt by a debt collector. Any information obtained will be used for that purpose.



**Assignment Address**

**Assignment Date**

02/24/2020



## Frederick Katz Jr

**Authorized Sand Castle Field Services Representative**

**Field Visit**

**Expires: 03/25/2020**

The services of Sand Castle Field Services have been retained by a client. This assignment may require completion of a property inspection, obtaining digital photographs, delivery of client specific correspondence, or other servicing required by the client and remains valid for up to 30 days following the date of the request. This form, along with valid photo identification may be used by a Field Representative as proof of authorization for this assignment.

# This document is not to be left at the assignment address under any circumstance.

2/24/2020 7:25:06 AM                                                                                    2717344



Map data ©2020 Google    200 ft